UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN F. JOHNSON,

                                Plaintiff,

                                                                           Case # 25-CV-06261-FPG

v.

                                                                           DECISION AND ORDER

TOWN OF GREECE, TOWN OF GREECE POLICE
DEPARTMENT, and TOWN OF GREECE POLICE
OFFICER JOHN/JANE DOES #1-10 (fictitiously named),
in their individual and official capacities,

                                Defendants.
_____

## INTRODUCTION

Plaintiff, John F. Johnson ("Plaintiff"), brings this action against Defendants, Town of Greece ("Town"), Town of Greece Police Department ("TGPD"), and Town of Greece Police Officers John/Jane Does #1-10, in their individual and official capacities (the "DOES," collectively with the Town and TGPD, the "Defendants").

Plaintiff alleges that on January 24, 2024, the DOES were dispatched to his home in response to a familial dispute. ECF No. 1-1 ¶¶ 12, 14. Upon arrival, the DOES entered Plaintiff's home and placed him in handcuffs, which they only tightened when Plaintiff complained that the handcuffs were too tight. *Id.* ¶¶ 15, 17. Plaintiff alleges that the DOES falsely accused him and pressed criminal charges "to mask and cover up the abuses, violations, and wrongful acts which they had taken against Plaintiff." *Id.* ¶¶ 23–25, 64.

Plaintiff brings fourteen causes of action, seven of which are brought pursuant to 42 U.S.C. § 1983, alleging: (1) excessive force against the DOES; (2) false arrest and unlawful search and seizure against all Defendants; (3) failure to intervene against all Defendants; (4) malicious prosecution against all Defendants; (5) abuse of process against all Defendants; (6) fabricating of

1

evidence against the DOES; and (7) *Monell* liability against the Town. *Id.* ¶¶ 36–99. Plaintiff also brings seven claims pursuant to New York State law, alleging (1) violations of the New York State Constitution against the DOES; (2) assault and battery against the DOES; (3) intentional/negligent infliction of emotional distress against all Defendants; (4) *respondeat superior* against the Town and TGPD; (5) negligent hiring against the Town and TGPD; (6) false arrest/imprisonment against all Defendants; and (7) malicious prosecution against all Defendants. *Id.* ¶¶ 100–142.

On May 20, 2025, Defendants moved to dismiss Plaintiff's claims, in part, pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 4. Plaintiff opposes the motion in part. ECF No. 8. For the reasons that follow, Defendants' motion is DENIED IN PART and GRANTED IN PART.

## LEGAL STANDARD

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

Defendants move to dismiss Plaintiff's claims against the TGPD and his eighth (violation of the New York State Constitution) and tenth (state law claim for intentional/negligent infliction of emotional distress) causes of action. ECF No. 4-3 at 9, 15–16. Although opposing Defendant's motion, Plaintiff has discontinued his suit against the TGPD and his eighth and tenth causes of action. ECF No. 8 at 8, 13, 15. As such, all claims against the TGPD and Plaintiff's eighth and tenth causes of action are dismissed.

Defendants also move to dismiss Plaintiff's (1) § 1983 claims against the Town; (2) claims against the DOES in their official capacities; (3) claim for abuse of process; and (4) state claims for assault, battery, and false arrest/imprisonment. ECF No. 4-3 at 10–15. The Court discusses each of Defendants' remaining arguments below.

**I.     § 1983 Claims Against the Town**

Defendants move to dismiss Plaintiff's *Monell* claim against the Town, as well as Plaintiff's second (false arrest and unlawful search and seizure), third (failure to intervene), fourth (malicious prosecution), and fifth (abuse of process) causes of action to the extent that they are alleged against the Town.[1] *Id.* at 13. Defendants contend that the complaint fails to set forth that a municipal policy or custom actually exists, that the Town was deliberately indifferent to training its police officers, or that there was a widespread practice of similar misconduct. *Id.* at 11–13. Plaintiff

---

[1] In some parts of Defendants' motion to dismiss, Defendants purport to be moving to dismiss Plaintiff's fourteenth cause of action (state law claim for malicious prosecution) on the basis that it is improperly pleaded under *Monell*. However, in other parts of the motion, it does not appear that Defendants seek dismissal of Plaintiff's fourteenth claim. *See generally* ECF No. 4-3. While it is unclear to the Court if Defendants seek dismissal of this claim, even assuming that they are moving to dismiss Plaintiff's fourteenth cause of action, there is no merit to their argument that it is improperly pleaded under *Monell*. "*Monell* analysis applies only to municipal liability claims founded on § 1983 (*i.e.*, federal claims)" and therefore, "state law claims are unaffected by *Monell* and its progeny." *Colon v. Tucciarone*, 2002 WL 32502105, *3 n.6 (D. Conn. 2002); *see also Gierlinger v. Town of Brant*, No. 13–CV–370, 2015 WL 269131, at *8 (W.D.N.Y. Jan. 21, 2015). As such, dismissal of Plaintiff's fourteenth cause of action is not warranted on this ground.

responds by stating that he adequately pleaded his *Monell* claim. ECF No. 8 at 8–12. He further provides sources that purportedly show civilian complaints of police misconduct made against the Town, which Plaintiff intends to further investigate through discovery.[2] *Id.* at 10.

"To hold a city [or town] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (brackets and citation omitted). "A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of N.Y.*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016); *see also Newton v. City of N.Y.*, 566 F. Supp. 2d 256, 271–72 (S.D.N.Y. 2008).

Plaintiff has not sufficiently pleaded that the Town engaged in municipal misconduct to establish any of these four categories. First, Plaintiff fails to plausibly allege an official policy or custom that was promulgated by the Town. In fact, Plaintiff does not argue about the existence of an official policy or custom at all. Plaintiff thus fails to satisfy this first category. *See Vassallo v. City of N.Y.*, No. 15 Civ. 7125 (KPF), 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016) ("To state there is a policy does not make it so.") (citation omitted); *see also Cruz v. Vill. of Spring*

---

[2] Although Plaintiff interchangeably attributes alleged municipal liability to the Town and the TGPD in making his *Monell* argument, ECF No. 8 at 10, the Court construes the intended subject to be the Town considering Plaintiff's voluntary withdrawal of his claims against the TGPD. *Id.* at 8.

*Valley*, No. 21-CV-2073 (KMK), 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases).

Second, Plaintiff fails to identify a specific act taken by a policymaker that authorized the DOES to take the alleged actions. The complaint states that the "Municipal Defendants, by their policy making agents, servants, and employees, authorized" the alleged misconduct. ECF No. 1-1 ¶ 96. Plaintiff also claims that "the supervising and policy making officers and officials of the [TGPD] have not taken steps to terminate these policies and practices …" *Id.* ¶ 98. However, Plaintiff fails to state who this decision-making official is. Such conclusory statements alone cannot support a *Monell* claim. *See, e.g.*, *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315 (2d Cir. 2015) (finding that an official's decision to demote Plaintiff was insufficient to support a *Monell* claim because the official was not a "final municipal policymaker . . . [who] could be said to represent official City policy"); *Coppola v. Town of Plattekill*, No. 17-CV-1032 (LEK/ATB), 2018 WL 1441306, at *10 (N.D.N.Y. Mar. 22, 2018) (dismissing a *Monell* claim because, without support from New York State law, municipal charters, or any other source, plaintiff's minimal and conclusory statements failed to satisfy her burden to allege facts that defendants are final policymakers).

Third, Plaintiff fails to show a persistent or widespread custom that caused his alleged damages. The complaint states that the DOES' misconduct was the result of "longstanding customs [and] practices" of "hiring and retaining incompetent police officers and detectives." ECF No. 1-1 ¶¶ 95(b), 97. Plaintiff argues this led to "a plethora of complaints from citizens of being subjected to Constitutional violations by police officers and detectives." *Id.* ¶ 94. Yet, the complaint does not provide any further detail about the complained misconduct.

It is only in Plaintiff's opposition that he argues that three civil cases were brought against the Town and that "15 civilian complaints [were] made against the [TGPD] for excessive force and racial profiling." ECF No. 8 at 10. However, Plaintiff's opposition "cannot shore up the allegations of the complaint or pull the [c]omplaint into the realm of plausibility" because "briefs are not pleadings." *Urban v. Bassett*, No. 22-CV-19-JLS-JJM, 2022 WL 1667377, at *2 (W.D.N.Y. Apr. 18, 2022) (quotation marks, punctuations, and citations omitted).

In any event, Plaintiff's reliance on the civilian complaints is misplaced as he still fails to "allege sufficient facts that demonstrate a history of similar conduct" by the Town. *Beltran v. City of N.Y.*, No. 19 Civ. 4647 (NRB), 2020 WL 4260990, at *4 (S.D.N.Y. July 22, 2020). In fact, Plaintiff does not allege any particular conduct from these fifteen complaints that are similar to his own experience. Without more, Plaintiff fails to sufficiently plead that there was a similar pattern of misconduct that was persistent or widespread. Indeed, each of those complaints could have arisen from fifteen different types of conduct, none of which that overlap with Plaintiff's encounter with the DOES. *See Benbow v. City of N.Y.*, No. 17-CV-6457(EK) (JRC), 2024 WL 5165073, at *4–5 (E.D.N.Y. Dec. 19, 2024); *Johnson v. Town of Greece*, No. 23-CV-6137-FPG, 2024 WL 185175 (W.D.N.Y. Jan. 17, 2024). As a result, the sole remaining misconduct before the Court is Plaintiff's incident with Defendants as described in his complaint, which is insufficient to allege municipal liability. *See Jie Yin v. NFTA*, 188 F. Supp. 3d 259, 274 (W.D.N.Y. 2016) ("It is well-settled that 'a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal liability.'") (quoting *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)).[3]

---

[3] Similarly, Plaintiff's request "to go forward with discovery with regards to the *Monell* claims," ECF No. 8 at 10, has no merit. *See Lasher v. Conroy*, No. 24-CV-6065-FPG, 2025 WL 3119247, at *9 (W.D.N.Y. Nov. 7, 2025) (explaining that a plaintiff must state a claim before he is entitled to discovery).

Finally, Plaintiff's argument that the Town failed to properly train or supervise its subordinates is insufficiently pleaded. Plaintiff generally asserts a variety of arguments that the Town failed to (1) "adequately train" and "retrain and update training of their police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes"; (2) "establish and implement meaningful procedures for disciplining or re-training officers and detectives"; and (3) "implement adequate disciplinary policies to deter their police officers from the use of excessive force." ECF No. 1-1 ¶¶ 94–95; ECF No. 8 at 8. Yet, Plaintiff again fails to plead sufficient facts to allege that municipal policymakers were deliberately indifferent to the rights of those with whom the police interact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

To plead "deliberate indifference," a plaintiff must allege that: (1) a policymaker knows "to a moral certainty" that city employees will confront a particular situation; (2) the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation"; and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Wray v. City of N.Y.*, 490 F.3d 189, 195–96 (2d Cir. 2007) (quoting *Walker v. City of N.Y.*, 974 F.2d 293, 297–98 (2d Cir. 1992)). "[A] policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events." *Id.* at 196. Moreover, where a city has a training program, a plaintiff must additionally "identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (quoting *City of Canton*, 489 U.S. at 391).

So far, Plaintiff has only alleged one single incident of Defendants' misconduct and does not allege other incidents that would put municipal policymakers on notice of the risk of constitutional violations from the failure to train or discipline. *See Raymond v. Brusino*, No. 23-CV-552-LJV-JJM, 2025 WL 470159, at *7–8 (W.D.N.Y. Feb. 12, 2025); *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 475–76 (W.D.N.Y. 2013), *aff'd*, 556 F. App'x 5 (2d Cir. 2014). Plaintiff also does not offer any specific allegations of the Town's training program that would have addressed those complaints. Therefore, his pleading is insufficient because in order "[t]o allege a failure to train claim, a plaintiff must plausibly allege a specific deficiency in the municipality's training." *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015); *see also Powell v. City of Jamestown*, No. 21-CV-721, 2022 WL 1913581, at *13 (W.D.N.Y. June 3, 2022). Plaintiff has not alleged that there is a particular portion of the Town's training program that is lacking, nor has he alleged a history of specific misconduct that could be improved by training. Thus, Plaintiff has not plausibly stated a claim that the Town has failed to adequately train its officers.

For these reasons, Plaintiff's § 1983 claims against the Town are dismissed.

## II.  Claims Against the DOES in Their Official Capacities

Defendants argue that because the Town is a named defendant, any claims against the DOES in their official capacities must be dismissed as duplicative. ECF No. 4-3 at 14–15. Plaintiff disagrees, arguing that his official capacity claims against the DOES "merge into his claims against the Town Defendant." ECF No. 8 at 13.

Within the Second Circuit, where a plaintiff names both the municipal entity and individual defendants in their official capacities, district courts have consistently dismissed official-capacity claims as redundant. *See, e.g., 225 Northport, LLC v. Vill. of Northport*, No. 24-CV-2967 (ARR)

(ARL), 2025 WL 2782360, at *11 (E.D.N.Y. Sept. 30, 2025) (dismissing official-capacity suits that "merge[] into the claims against the government entity") (brackets omitted) (quoting *Quinones v. City of Binghamton*, 997 F.3d 461, 466 n.2 (2d Cir. 2021); *Nixon v. City of N.Y.*, No. 19-CV-7215 (PKC) (LB), 2021 WL 4033627, at *5 (E.D.N.Y. Sept. 3, 2021) (dismissing official-capacity claims as duplicative); *Carmody v. Vill. of Rockville Ctr.*, 661 F. Supp. 2d 299, 329 (E.D.N.Y. 2009) (dismissing official-capacity claims as redundant). Therefore, all claims against the DOES in their official capacities are dismissed as duplicative.

### III. Claim for Abuse of Process

Defendants contend that Plaintiff's fifth cause of action for abuse of process should be dismissed because he has failed to plead the final element of the claim, which requires that there be a collateral objective. ECF No. 4-3 at 14; ECF No. 9 at 4–5. Plaintiff rebuts Defendants' argument by providing the law on the "characteristics of collateral objectives" and reiterating the facts alleged in the complaint. ECF No. 8 at 12–13. The Court agrees with Defendants.

"When a plaintiff asserts an abuse-of-process claim under Section 1983, [the Second Circuit has] turn[ed] to state law to find the elements—in this case, New York State law." *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 n.5 (2d Cir. 2015) (quotation marks omitted) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)); *see Savino v. City of N.Y.*, 331 F.3d 63, 76–77 (2d Cir. 2003). Under New York law, "a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook*, 41 F.3d at 80; *see Brown v. Town of Amherst*, No. 23-CV-00993 EAW, 2024 WL 4308310, at *15 (W.D.N.Y. Sept. 26, 2024). The third prong relating to a collateral objective aims to distinguish between an "improper motive"

and an "improper purpose." *See Savino*, 331 F.3d at 77. "A malicious motive in instigating a criminal action is not sufficient; rather, 'to state a claim for abuse of process, a plaintiff must establish that the defendant had an improper purpose in instigating the action.'" *Smith v. Town of Lewiston*, No. 18-CV-1069V(F), 2020 WL 5237924, at *19 (W.D.N.Y. July 30, 2020) (quoting *Savino*, 331 F.3d at 76), *report and recommendation adopted*, 2020 WL 5230906 (W.D.N.Y. Sept. 2, 2020); *see also Rao v. City of N.Y.*, No. 14-CV-7422 (RRM) (LB), 2018 WL 1582289, at *8 (E.D.N.Y. Mar. 29, 2018) ("The case law distinguishes between a malicious motive and an improper purpose. The former, by itself, is insufficient to state a claim of abuse of process; the plaintiff must also allege that the defendant acted primarily to achieve an improper objective.") (emphasis omitted). "In New York, such wrongful purposes have included economic harm, extortion, blackmail, and retribution." *Abreu v. Romero*, No. 08 Civ. 10129 (LAP), 2010 WL 4615879, at *8 (S.D.N.Y. Nov. 9, 2010), *aff'd*, 466 F. App'x 24 (2d Cir. 2012). "In other words, abuse of process resembles a form of extortion, by which the defendant invokes legal process to coerce the plaintiff into doing something other than what the process necessitates." *Simmons v. Ferrigno*, No. 17-CV-06176 MAT, 2019 WL 12361880, at *6 (W.D.N.Y. Aug. 5, 2019) (brackets omitted) (quoting *Folk v. City of N.Y.*, 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017)).

Plaintiff alleges that Defendants filed a false criminal felony complaint against him "with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendant DOES." ECF No. 1-1 ¶ 72. He argues that this was to "satisfy their personal goals of covering up their wrongdoing and to further their own purposes of exercising their privilege for their own warped sense of power." *Id.* ¶ 73; ECF No. 8 at 13. While this may constitute an improper motive for the DOES' actions, it does not constitute an improper purpose because Defendants are not alleged to have invoked the legal process to coerce Plaintiff into doing

something other than what the process necessitates. *See Chan v. City of N.Y.*, No. 19-CV-7239 (RPK) (SJB), 2023 WL 2734681, at *7 (E.D.N.Y. Mar. 31, 2023) (holding that knowingly arresting plaintiff without any legal basis, justification, or probable cause does not satisfy the collateral objective requirement, and collecting cases); *Simmons*, 2019 WL 12361880, at *6 (collecting cases); *Cabisca v. City of Rochester*, No. 14-CV-6485, 2017 WL 4221090, at *6 (W.D.N.Y. Sept. 21, 2017) (collecting cases).

Accordingly, Defendants' motion to dismiss Plaintiff's fifth cause of action for abuse of process is granted.

### IV. State Law Claims for Assault, Battery, and False Arrest/Imprisonment

Relying on *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016), and New York Civil Practice Law and Rules ("C.P.L.R.") § 215(3), Defendants argue that Plaintiff's ninth (state law claims for assault and battery) and thirteenth (state law claim for false arrest/imprisonment) causes of action are barred under the one-year statute of limitations. ECF No. 4-3 at 15. In response, Plaintiff contends that his claims are timely under New York General Municipal Law § 50-i, which takes precedence over C.P.L.R. § 215(3). ECF No. 8 at 13–14.

Under New York law, "causes of action to recover damages for intentional torts . . . are generally subject to a one-year period of limitations." *Rindgen v. Cnty. of Broome*, No. 24-CV-1325 (AJB/ML), 2025 WL 3442967, at *8 (N.D.N.Y. Dec. 1, 2025) (citation omitted). However, when a plaintiff sues a municipality or employees or officers who the municipality must indemnify, a one-year-and-ninety-day statute of limitations applies. *See Singletary v. Allen*, 588 F. Supp. 3d 359, 367 (W.D.N.Y. 2022) (referring to General Municipal Law § 50-i); *Baity v. City of Buffalo*, 159 A.D.3d 1380, 1381 (4th Dep't 2018).

Defendants rely on *Allen* to argue that the one-year statute of limitation applies. ECF No. 4-3 at 15; *see Allen*, 665 F. App'x at 13. However, the Second Circuit reached a different conclusion in a subsequent decision, *Rentas v. Ruffin*, 816 F.3d 214 (2d Cir. 2016). In *Rentas*, the Second Circuit found that General Municipal Law § 50-i governed the intentional tort claim against the municipal defendants and that its one-year-and-ninety-day statute of limitations applied. *Id.* at 219–20. Indeed, General Municipal Law § 50-i provides that it "shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter." N.Y. Gen. Mun. Law § 50-i(2). Therefore, the Court agrees with Plaintiff that the statute of limitations for his state law claims for assault, battery, and false arrest/imprisonment is one year and ninety days. *See Garrett v. City of Lackawanna*, No. 23-CV-377 EAW, 2024 WL 3616518, at *6 (W.D.N.Y. July 31, 2024); *D'Angelo v. City of Lockport*, No. 19-CV-221-LJV-MJR, 2023 WL 6810274, at *4 (W.D.N.Y. Oct. 16, 2023).

Defendants do not dispute that Plaintiff's claims were filed within one year and ninety days of accrual. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's ninth and thirteenth causes of action.

## V. Leave to Amend

Plaintiff has requested leave to amend the complaint. ECF No. 8 at 10–12. Rule 15(a)(2) directs district courts to give plaintiffs leave to replead "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Second Circuit has declined to allow amendment in cases in which an additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because claims cannot be brought against the TGPD and the DOES in their official capacities are redundant, amending the complaint to reallege claims against those defendants would be futile.

The Court, however, grants Plaintiff leave to amend as to his municipal liability claim and abuse of process claim.  Accordingly, Plaintiff's request to amend the complaint is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART.

Plaintiff's claims against the Town of Greece Police Department are DISMISSED WITH PREJUDICE.  Plaintiff's claims against Town of Greece Police Officers John/Jane Does #1-10 in their official capacities are DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to terminate the Town of Greece Police Department and Town of Greece Police Officers John/Jane Does #1-10 in their official capacities as defendants in this action.

Plaintiff's claims under 42 U.S.C. § 1983 against the Town of Greece are DISMISSED WITHOUT PREJUDICE.

Plaintiff's fifth cause of action for abuse of process under 42 U.S.C. § 1983 against all Defendants is DISMISSED WITHOUT PREJUDICE.

Plaintiff's request for leave to amend is GRANTED.  Plaintiff may file an amended complaint by March 6, 2026.

IT IS SO ORDERED.

Dated: February 4, 2026
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York